### CHARLES H. RICHARDS v. CATHARINE A. TORBERT.

AN action of waste will not lie for tilling a lot three years in succession in Indian corn, although it may impoverish the soil to the injury and detriment of the reversionary estate and interest in it, because ill-husbandry is not willful waste under the statute; nor will such an action lie against a tenant in dower for permissive waste, if she neglects to keep the fence around such lot in good repair and proper condition, or to rebuild it when it becomes necessary; and it is doubtful whether the action will lie against a tenant in dower for permissive waste merely in any case whatever under the statute.

THIS was an action of waste to recover the place wasted and double damages for the injury sustained, by Charles H. Richards, who was seized in fee of the reversion, against Catharine A. Torbert, who was seized of an estate for the term of her life as tenant in dower, in a lot of land of about six acres in Georgetown, with no other improvements than a fence around it. The action was for both voluntary and permissive or negligent waste, the first for planting and tilling the lot in Indian corn for the three successive years next preceding the commencement of the action, without applying any manure or fertilizer to the ground, to the permanent detriment and impoverishment of the soil and the injury of the plaintiff, the reversioner, and the latter, for neglecting the necessary repairs to the fences upon it, and permitting them to go to decay and destruction without renewing them when actually and imperatively required, to the

injury of the plaintiff, the reversioner. ·It was proved that the lot had been tilled each year for the last three years in succession in corn as alleged, with a reduction of about thirty bushels per annum in the yield of the last two years, but the same witness testified that the corn had not been as well tilled during the last two seasons, as in the preceding year; and it was also proved that the fence around the lot was much decayed and in a bad condition.

*W. Saulsbury*, for the defendant, called a witness to the stand to prove that it had also been planted in corn the next year after the action was commenced, and how much it produced the past season.

*C. M. Cullen*, for the plaintiff. Is such evidence admissible? The fact proposed to be proved was since the action was commenced, and the court had already restricted the evidence offered by the plaintiff, as to the depreciation and exhaustion of the soil by excessive and long continued cultivation of it every year in the same kind of crop, to the three years next preceding the institution of the suit, because the action could cover under the plea of the statutes of· limitations, no longer time than that, and would it now permit the defendant to prove what it had produced since the commencement of the suit?

*By the Court.* The defendant is entitled to no damages, and, of course, is claiming none, whatever may be the result of the case, and therefore the rule which restricts the plaintiff in his proof as just stated, and the reason for it, does not apply to her. But as the question of fact for the jury to decide on this branch of case is, whether the soil has been impoverished by the kind of cultivation the plaintiff alleges and complains of, it may be of some service to know how much the lot produced in the next succeeding year, in the same crop—and as it may throw some additional light on that question and enable them the better to decide it the evidence is both

relevant and material in that aspect, and is therefore admissible.

The witness was then sworn and testified that he had tilled the lot the last year in corn and raised three hundred and nine bushels on it, but he applied a half ton of Baugh's bone dust to it.

*A.P.Robinson, Jr.*, for the plaintiff, cited 1 *Ch. Black.* 223, 224., *Waples v. Waples*, 2 *Harr.* 285. 2 *Greenl. Ev. sec.* 650. 1 *Washb. on Real Prop.* 107, 108, 113. 7 *Bac. Abr.* 251, 270. 2 *Bouv. Law Dict.* 645. *Add. on Contr.* 377, 378, 380, 387.

*W. Saulsbury*, ( *Wright* with him), for the defendant, contended that the facts proved did not amount to voluntary waste in the one case, nor to permissive waste in the other, and that in neither aspect could the plaintiff recover in the action.

*C. M. Cullen* replied.

*The Court, Houston J. charged the jury* that this was not an action on the case in the nature of waste, as most, if not all, the adjudged cases cited from Addison's work on Contracts he presumed must have been, but an action of waste itself under the statute, to recover the lot of land in question and double the amount of the damage for the injuries alleged to have been sustained by the plaintiff, who is the owner in fee of the reversion in the premises, and to have been committed and permitted by the defendant, who is the immediate owner of it for the term of her life, as tenant in dower. The statute upon which it is founded, is strict and rigorous in its exactions, and although penal, it is at the same time remedial in its character, and therefore it has been said to be entitled to a liberal construction in order to promote the remedy and to abate the evils against which it is leveled. But none of the cases cited go to the extent, in our opinion, of sustaining the action in such a case as we now have before us. It is against a widow and tenant in dower,

and as alleged by the plaintiff, it is both for willful waste actually committed by her in so planting and tilling the lot in Indian-corn for three years in succession, as thereby to permanently impoverish or reduce the productive quality of the soil of it, and to impair the value of the plaintiff's reversionary estate and interest in it; and also for permissive waste as it is termed, caused by the decay and dilapidation of the fence around it, by reason of her negligence and neglect to keep it in good repair and proper condition, or to rebuild it anew when actually necessary, to his like loss, detriment and injury. As to the first ground we have only to say to you that it has long since been decided, and is now well settled law in the country whence we derived the original of our own statute, with some slight amelioration in the penal provisions of it, (the statute there imposing treble, and ours only double damages) that injudicious, or ill husbandry, or tilling land in an unhusbandlike manner, or bad farming merely, as you would call it, of such premises by any kind of a tenant, whether for life, or years, cannot constitute the wrong or offence of waste under the statute in that country; 1 *Wheat. Sel. N. P.* 553. *Harris v. Mantle*, 3 *T. R.* 307. 10 *Bac. Abr.* 423; and as the American doctrine and practice on the subject, according to the authority of both Chancellor Kent and Mr. Greenleaf whose work on evidence has been cited in this case, is rather to restrict than to enlarge the English rulings in such cases, we do not think it would be wise to go beyond them in the present case. We have therefore no hesitation in saying to you that if you should be satisfied from the evidence that the lot was injudiciously and injuriously planted and tilled in Indian corn for three years in succession preceding the institution of this suit, and that such injudicious cultivation of it in the same kind of grain for three years in succession, had the injurious effect upon the soil of it, which is alleged and complained of by the plaintiff, it would afford no legal ground for an action of waste under the statute by the plaintiff against the defendant, and he therefore could not

recover for it in this action.    And as to the other matter, we have likewise no hesitation in saying to you, that it has long been a mooted question in England whether a tenant in dower can be liable for permissive waste merely, in any case, whatever, and it has never been decided that she can be, although some learned and eminent writers on the sub_ ject in that country have expressed the opinion that she may be, 4 *Kent's Com.* 75 ; but as we are not prepared to establish the first precedent to that effect in the present case, or to believe that it would be in accordance with the true meaning and design of our own statute on the subject, that a tenant in dower should forfeit a whole farm, or even a lot of six acres merely,‘ as well as pay double damages for simply neglecting to maintain and keep in good and proper condition the fence around it, or to rebuild the same whenever it should require it, we are obliged to say to you that we do not think, even if you should be satisfied from the evidence that the plaintiff has sustained in his reversionary estate and interest in the lot, the loss and injury alleged and complained of by him in the decay and dilapidation of the fence around it, by reason of the neglect or negligence of the defendant to repair it and keep it in proper order and condition, or to rebuild it anew when necessary, that in that case either, the plaintiff would be entitled to recover in the present action, because it would not in our opinion in such a case as this, constitute within the purview and meaning of our statute what is termed permissive waste, or waste through neglect and negligence in that respect, on the part of the defendant as a tenant in dower of the premises.